CITY OF PLAINFIELD, A MUNICIPAL CORPORATION, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND CARL BISHOP, DEFENDANTS.

Submitted October 1, 1940—Decided June 18, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *William Newcorn.*

For the defendant, Carl Bishop, *Ralph J. Smalley.*

The opinion of the court was delivered by

HEHER, J. The taxing district of Plainfield assails the judgment of the State Board of Tax Appeals reducing an assessment for taxation for the year 1939 on lands of the defendant Bishop within the district, designated as Nos. 545-609 East Front Street. The assessment totaled $22,400, apportioned thus: Land, $12,400; improvements, $8,000; garage, $2,000. On the landowner's appeal, the Union County Board of Taxation reduced the assessment on the improvements from $10,000 to $9,000, and dismissed the appeal from the valuation of the land. The State Board of Tax Appeals, the landowner again appealing, adjudged that the assessment should be as follows: Land, $5,875; improvements, $5,875; garage, $1,000—a total of $12,750. Thereupon, the taxing district sued out this *certiorari.*

It is contended that the judgment of the State Board "is contrary to the evidence" and is based upon the price paid by the landowner for the property in 1938, rather than "true value" within the intendment of article IV, section 7, paragraph 12, of the State Constitution and *R. S.* 1937, 54:4-23. The assessment and this consideration price are the same.

There is a presumption in favor of the *quantum* of the assessment as made by the local authority, and the *onus* of proof of an excessive valuation is upon the landowner. *Colonial Life Insurance Co.* v. *State Board of Tax Appeals,* 126 *N. J. L.* 126. The valuation thus placed upon the land by the local assessor is at the rate of $52 per front foot. Assessments were laid upon adjacent and comparable lands at a rate ranging between $48 and $53 per front foot, depending upon the depth. So far as is disclosed, these assessments have not been challenged. It would seem as if the State Board considered the price paid by the landowner as conclusive of true value in the accepted sense, and in this it fell into error. Due to the abnormal condition of the real estate market at the assessment date, the sale price is not determinative of the issue. And in such circumstances "comparable sales" are ofttimes of questionable probative force, since they do not usually take into account all elements properly entering into the decision of this question, and therefore do not provide the true standard of value. See *Colonial Life Insurance Co.* v. *State Board of Tax Appeals, supra.*

The lot in question has a frontage of 235.28 feet, and a depth of 508 feet on one side and 613 feet on the other. The landowner's realty expert valued the land at $25 per front foot; the city's expert considered it worth $60 per front foot, allowing for depreciation which he acknowledged was attributable to a change in the character of the neighborhood. While it was conceded that the locality was (and is) no longer desirable as a single-family residence district, the proofs are not at all convincing that there has been such substantial decline in land values as affirmed by the landowner's witness. For the reasons stated, the sale price of a lot across the street is of little or no value in resolving this question. The lot was acquired by the municipality at a tax foreclosure sale, and

the sale price was at the rate of $10 per front foot. The evidence does not reveal any other sale of land in the vicinity. Though several large dwellings nearby had been converted into multi-family houses, with some impairment of the value of the neighborhood for one-family residence purposes, garden apartments erected in the vicinity not long before served to enhance the value of the land without affecting the dwelling house thereon. It is in evidence that the assessment imposed by the local assessor for the year 1940 was in the sum of $9,900; and, under all the circumstances (there is no evidence of a drop in value meanwhile), we consider this as fairly representative of the true value of the land at the time of the making of the assessment in question. We have the view that this valuation takes into account all depreciating factors. At all events, the landowner has not sustained the burden of establishing a lesser value.

As to the improvements, the evidence does not warrant a revision of the appraisement made by the State Board. The house is of frame construction and was erected in 1856. The local assessor valued the structures at $10,000. The valuation placed thereon by the city's expert was $10,701. The landowner's expert found they were worth $5,800. These witnesses calculated the value on the basis of reconstruction cost, figured at a cubic foot rate, less depreciation. The city's expert estimated the reconstruction cost at the rate of 32 cents per cubic foot; and he was of the view that 65 per cent. of this, or $18,000, should be deducted for depreciation. The landowner's witness determined the reconstruction cost at the rate of 30 cents per cubic foot, and depreciation at 80 per cent., or $19,200. And the local assessor valued the dwelling at $7,000 in making the assesment for the year 1940. In these circumstances, we are unable to say that the valuation made by the State Board works injustice. It has a substantial basis in the evidence.

The judgment is accordingly modified, and, as so modified, affirmed, without costs.